# IN THE UNITED STATED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Our File No. 061-76654

| | |
|---|---|
| ROSE SHUMELMAN, EXECUTRIX OF THE ESTATE OF SOLOMON SHUMELMAN<br><br>vs.<br><br>TRUMP TAJ MAHAL ASSOCIATES d/b/a TRUMP TAJ MAHAL | CIVIL ACTION<br><br>NO. 061069 |

## ANSWER OF DEFENDANT TRUMP TAJ MAHAL ASSOCIATES
## d/b/a TRUMP TAJ MAHAL TO PLAINTIFF'S COMPLAINT

1. Admitted upon information and belief.

2. Admitted in part; denied in part. It is admitted that Trump Taj Mahal Associates is a New Jersey Corporation with it's principal place of business at 1000 Boardwalk and Virginia Avenue, Atlantic City, New Jersey. It is specifically denied that Answering Defendant regularly conducts business within the County of Philadelphia.

3. Denied. Answering Defendant admits only that it owned operated and maintained the premises located at 1000 Boardwalk at Virginia Avenue, Atlantic City, New Jersey.

4. Denied. Answering Defendant denies that Mr. Shumelman was caused to slip and fall because of a wet and slippery condition on the floor which allegedly caused injuries and damages to him.

5. Denied. Answering Defendant denies that Mr. Shumelman was caused to fall because of a wet and slippery floor in Defendant's bathroom which made it unsafe for persons. Answering Defendant admits that Mr. Shumelman was lawfully present on its premises.

6. Denied. Answering Defendant denies the existence of a defect. Further, Answering Defendant denies that it or its agents, servants, workmen and/or employee knew of the defect, allowed the defect to exist for a sufficient period of time or that Answering Defendant should have in the exercise of reasonable care, known of the existence of the defect. Further, Answering Defendant denies that there was any danger to members of the public present.

7. Denied. Answering Defendant denies that it caused Mr. Shumelman's injury, that it was negligent or that it caused Mr. Shumelman's fall or the resulting injuries.

(a) Denied. Answering Defendant denies that it failed to maintain the men's bathroom in a clean and sanitary matter in order to protect and safeguard persons lawfully present on the premises.

(b) Denied. Answering Defendant denies that it permitted the aforesaid area to become and remain a nuisance, snare and/or trap for persons lawfully permitted in the area.

(c) Denied. Answering Defendant denies that it failed to inspect the aforesaid area and ascertain any alleged hazardous defective conditions which allegedly existed in the area at the aforesaid time. Answering Defendant further denies that any hazardous or defective condition existed in the aforesaid area at the aforesaid time.

(d) Denied. Answering Defendant denies that any defective or hazardous condition existed. Further, Answering Defendant denies that it failed to warn persons of any hazardous or defective conditions. Further, Answering Defendant denies that it caused or maintained any hazardous conditions.

(e) Denied. Answering Defendant denies that it failed to install a warning of the claimed wet and slippery conditions in the men's bathroom at the premises. Further, Answering Defendant denies that there were wet and slippery conditions in the men's bathroom at the premises.

(f) Denied. Answering Defendant denies that it did not have an attendant who maintained the men's bathroom.

8. Denied. Answering Defendant denies that it was negligent.

9. Denied. Answering Defendant denies any knowledge of Mr. Shumelman's alleged injuries. Further, Answering Defendant denies any causation or link between any alleged negligence of Answering Defendant and the injuries suffered by Mr. Shumelman.

## COUNT I
## PLAINTIFF v. DEFENDANT
## WRONGFUL DEATH

10. Denied. Answering Defendant incorporates its answers to paragraphs 1 through 9 as though the same were set forth at length herein.

11. Denied. Answering Defendant denies that it was negligent in its acts or omissions. Answering Defendant denies that any negligent acts or omissions that are found against it resulted in the death of Plaintiff's decedent. Further, Answering Defendant denies that decedent's survivors have suffered pecuniary damage because of Answering Defendant's alleged negligent acts or omissions.

12. Denied. Answering Defendant denies that it's claimed negligent acts and/or omissions caused the death of Plaintiff's decedent, or any suffering, economic or non-economic damages to Plaintiff's decedent's survivors.

(a) Denied. Answering Defendant denies that its claimed negligent acts and/or omissions caused loss of the pecuniary value of the services, society, comfort, companionship, maintenance, guidance, tutelage, moral upbringing, support, protection and enjoyment which decedent allegedly would have provided for the remainder of decedent's natural life.

(b) Denied. Answering Defendant denies that its claimed alleged negligent acts and/or omissions caused damages such as the loss of pecuniary contributions that the survivors could have expected to receive from decedent.

(c) Denied. Answering Defendant denies that Plaintiffs are entitled to these generally claimed losses.

13. Denied. Answering Defendant denies that it's claimed negligent acts and/or omissions caused any loss of monetary support to the beneficiaries.

WHEREFORE, Answering Defendant, Trump Taj Mahal Associates d/b/a Trump Taj Mahal demands judgment in its favor, and against Plaintiffs.

### COUNT II
**PLAINTIFF v. TRUMP TAJ MAHAL ASSOCIATES d/b/a TRUMP TAJ MAHAL
SURVIVAL ACTION**

14. Denied. Answering Defendant incorporates its answers to paragraphs 1 through 9 as though the same were set forth at length herein.

15. Denied. Answering Defendant denies that it was negligent. Defendant denies that it caused damages to the Plaintiff in the manner of pain and suffering prior to Plaintiff's death. Defendant denies Plaintiff's claimed loss of earning capacity as Defendant is without sufficient information to admit or deny same.

PH142635.1

16. Denied. Answering Defendant denies that this is a valid cause of action under the Pennsylvania Survival Act and that Plaintiff suffered any damages.

WHEREFORE, Answering Defendant, Trump Taj Mahal Associates d/b/a Trump Taj Mahal demands judgment in its favor, and against Plaintiffs.

## AFFIRMATIVE DEFENSES DIRECTED TO PLAINTIFF

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for their alleged damages are barred as a result of Mr. Shumelman contributory negligence and/or are reduced pro rata to the level of Mr. Shumelman's own contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

Mr. Shumelman, in his actions relevant hereto, has assumed the risk of injury and any damages as a result thereof.

### FOURTH AFFIRMATIVE DEFENSE

The negligence, if any, on the part of the Answering Defendant was not the proximate cause of any injuries or damages which may have been sustained by the Plaintiff and/or Mr. Shumelman.

## FIFTH AFFIRMATIVE DEFENSE

If the damages or injuries of the Plaintiffs, which are denied, are true and proven, then such damages or injuries were not caused by the actions or conduct of the Answering Defendant, which were secondary and passive, but were instead caused by the primary act or conduct of third parties, over whom the Answering Defendant had no control.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Shumelman negligently and/or intentionally exposed himself to a known hazard with fore knowledge of the probable results thereby barring or limiting the Plaintiff's claim.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to supplement these affirmative defenses as discovery progresses.

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

By: **PUL2240**
Patrick C. Lamb, Esquire
Attorney for Defendant
Attorney I.D. No.: 70817
1800 JFK Boulevard, Suite 1900
Philadelphia, Pa. 19103
215-564-6688

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of Defendant Trump Taj Mahal Associates d/b/a Trump Taj Mahal to Plaintiff's Complaint, was electronically filed and sent via-U.S. Mail Postage pre-paid to the counsel below listed:

Edward F. Chacker, Esquire
Gay, Chacker & Mitten, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130

**PUL2240**
Patrick C. Lamb, Esquire

Date: _____